Mr. Justice Walker delivered the opinion of the Court. This suit was commenced on the 18th of February, 1850, on a promissory note, purporting, from the declaration, to be due on the 14th of October, 1844. The defendant pleaded nil deiet and the statute bar of limitation of three years; to which latter plea the plaintiff replied that the cause of action did accrue to her within three years next before the commencement of her suit. To sustain this issue the plaintiff offered to read what purported to be the commencement of former suits on the same cause of action between the same parties and judgment of non-suits therein. To the introduction of this record as evidence, the defendant objected, but his objections were overruled and the record admitted to be read to the court sitting as a jury. The defendant excepted and presented the evidence in his bill of exceptions. Judgment was rendered for the plaintiff. The only question is, was this evidence admissible? And, first, if in other respects unexceptionable, was it competent evidence under the issue formed? It was no doubt intended to bring the case within the 24i/i sec. cli. 99, Dig., which provides “that if after the commencement of a suit within the time prescribed by the preceding sections of this act, the plaintiff elects to take a non-suit, he may commence anew his action within twelve months after the date of such non-suit.” But under this state of facts, should not the plaintiff have replied specially, confessing the lapse of time in the plea set forth, and by setting up the intermediate proceedings brought himself within the 24th section in avoidance of the effect of such lapse of time. Instead of this, he has simply denied the truth of the plea, that is, that three years had not intervened between the time when his right of action accrued and the commencement of his then pending suit. The record, therefore, in no event, could have sustained this issue, which is alone, to be determined by the contract itself and the record evidence as to when the suit was actually commenced, and it should have been excluded from the court sitting as a jury. But, then, even if specially replied, the record offered in evidence did not show a cause of action commenced between the same parties, but distinct and different parties. A declaration, writ and judgment of non-suit against Ewing W. McClellan, is not of itself evidence of a suit against Evan W. McClellan. These are clearly different persons, so far as the record itself gives evidence (and whether other accompanying evidence explanatory of this discrepancy, could in any case be offered under such circumstances or in what they should consist, it does not become necessary for us here to determine.) It is a rule of practice heretofore recognized by this Court, and well sustained by authority, that where evidence, not of itself strictly applicable or legal, may or not be so dependent upon the existence of other facts, such other facts must accompany the evidence offered, or at least there must be an offer or proposition to introduce them in connexion with it. State vs. Jennings, 5 Eng. 429. Without this additional proof, if such in this instance was admissible, the record could not have been used in evidence. The first action and non-suit then aside, the second was commenced on the 4th May, 1848, more than three years after the cause of action had accrued; and therefore did not come within the provisions of tbe 24th section. We are, therefore, of opinion that there was error in the judgment and decision of the Circuit Court in permitting said record to be read as evidence. And for this error the judgment must be reversed and the cause remanded to be proceeded in according to law.